UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| FLEMING COMPANIES, INC. | : Case No. 1:01-cv-088 |
| | : |
| | : (Magistrate Hogan) |
| Plaintiff, | : |
| | : |
| vs. | : **MOTION FOR RELIEF** |
| | : **FROM ORDER** |
| KENNETH L. BARBOUR, et al. | : |
| | : |
| Defendants. | : |

Now comes the Defendant, Reva J. Boone, by and through counsel, and hereby moves this Court for relief from that portion of its July 19, 2004 Order, pursuant to which she was ordered "not to transfer, encumber, convey or in any other manner dispose of such assets subject to execution." A Memorandum and an Affidavit in support hereof are attached hereto.

Respectfully submitted,

/s/ Randy J. Blankenship
Randy J. Blankenship (0034594)
Jarrod M. Mohler (0072519)
Attorneys for Defendant, Reva J. Boone
ROBBINS, KELLY, PATTERSON & TUCKER
7 West Seventh Street, Suite 1400
Cincinnati, OH 45202
Telephone:    513-721-3330
Fax:              513-721-5001
E-mail:         rblankenship@rkpt.com
                   jmohler@rkpt.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served electronically by the Clerk of Courts, this 30th day of May, 2006, upon the following:

John P. Archer, Esq.
Day, Ketterer, Raley, Wright & Rybolt, Ltd.
Millennium Centre - Suite 300
P.O. Box 24213
Cincinnati, OH 44701-4213

/s/ Randy J. Blankenship
Randy J. Blankenship

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FLEMING COMPANIES, INC. | : | Case No. 1:01-cv-088 |
| | : | |
| | : | (Judge Hogan) |
| Plaintiff, | : | |
| | : | **MEMORANDUM IN SUPPORT OF** |
| vs. | : | **MOTION FOR RELIEF** |
| | : | **FROM ORDER** |
| KENNETH L. BARBOUR, et al. | : | |
| | : | |
| Defendants. | : | |

## I.   FACTUAL BACKGROUND

Defendant, Reva J. Boone, was formerly a part owner of a company that ran two grocery stores. (See, Boone Affidavit, filed contemporaneously herewith, at ¶6). Plaintiff, Fleming Companies, Inc., was a supplier to that company and obtained a judgment against it. (Id., at ¶6). The grocery stores were eventually sold to an individual named Christopher Munafo. (Id. at ¶7).

On July 19, 2004, this Court entered an Order compelling Ms. Boone to appear for a judgment debtor examination on August 18, 2004. (Id. at ¶4 & Ex. A). As part of its Order, the Court stated that Ms. Boone was ordered "not to transfer, encumber, convey, or in any other manner dispose of such assets subject to execution." (Id.). Ms. Boone obeyed the Court's Order and appeared for the judgment debtor examination, during which she testified that she did not believe that she owed any money on the judgment. (Id. at ¶6). Ms. Boone believes that, as part of the sale to Mr. Munafo, the debt to Fleming Companies, Inc. was forgiven. (Id. at ¶7).

Fleming Companies has not attempted to collect the judgment against Ms. Boone since the

3

Court's Order and the judgment debtor examination. (Id. at ¶9). Fleming Companies has never filed a lien against her property or sought to attach her assets, and Fleming Companies appears to have abandoned this litigation. (Id. at ¶9). Fleming Companies did obtain liens against other Defendants, but those liens have all been released. (Id. at ¶10-12).

Now, almost two years after the Court's Order requiring Ms. Boone to appear at the judgment debtor examination, Ms. Boone is concerned that if she attempts to sell her house, she will be in violation of the Court's Order not to "transfer, encumber, convey, or in any other manner dispose of such assets subject to execution." Therefore, Ms. Boone seeks appropriate relief from this Order pursuant to Civil Rule 60(b)(6) and 60(a).

## II.   ARGUMENT

### A.   Ms. Boone is entitled to relief from the Court's July 19, 2004 Order under Civil Rule 60(b)(6).

Civil Rule 60(b) permits a court to relieve a party from an Order for "any other reason justifying relief from the operation of the judgment." The rule "vests power in the court to enable [it] to vacate judgments whenever such action is appropriate to accomplish justice." Allinsmith v. Funke, 421 F.2d 1350, 1351 (6th Cir. 1970). Rule 60(b)(6) may be applied where a substantial injustice or inequity would result if the judgment were to continue in effect. Davis v. Jellico Community Hospital, Inc., 912 F.2d 129, 134 (6th Cir. 1990).

The Ninth Circuit Court of Appeals affirmed the district court's application of Rule 60(b)(6) in Hunt v. Vasquez, 1993 U.S. App. LEXIS 3523 (9th Cir. 1993) (attached). There, the district court issued an amended order pursuant to Civil Rule 60(b)(6) when the parties in good faith "arrived at diametrically opposed interpretations of the requirements" of its prior order. Id. at *12. "[T]he district court had the authority pursuant to Rule 60(b)(6) to issue an amended order that clearly

expressed its intent . . . ." Id.

In an analogous situation, the Seventh Circuit Court of Appeals affirmed the district court's decision to vacate an injunction under Rule 60(b) in Stewart v. General Motors Corp., 756 F.2d 1285 (7th Cir. 1985). There, a plaintiff in an employment discrimination suit won a permanent injunction prohibiting the employer from continuing to use discriminatory promotion procedures. See, Id. Nearly seven years later, the district court vacated the injunction, finding that the employer had substantially complied with the terms of the decree and that it had served its overall purpose. Id. at 1287. The Court of Appeals affirmed on the same grounds. Id. at 1291-93.

Ms. Boone requests that the Court follow the Hunt and Vasquez Courts and grant her similar relief. As stated above, a substantial inequity has resulted from the Court's July 19, 2004 Order because, under a reasonable interpretation of the Order, Ms. Boone is not able to sell her home or transfer other assets in perpetuity. Ms. Boone believes that it was likely the Court's intention, when issuing the Order, to prohibit Ms. Boone from transferring any of her assets *before the judgment debtor examination* which was scheduled a month later.

As stated in the attached Affidavit, Ms. Boone complied with the Order and appeared for the judgment debtor examination. (See, Boone Affidavit, ¶5). Since the judgment debtor examination, Fleming Companies has not attempted to collect a judgment against her, and it appears that Fleming Companies has abandoned this litigation. (Id. at ¶9). Any liens which Fleming Companies has filed against other defendants were subsequently released. (Id. at ¶10). Ms. Boone submits that Fleming Companies' release of all of the liens demonstrates that they have abandoned the litigation and will no longer attempt to collect on the judgment against her. (Id. at ¶12).

Therefore, Ms. Boone requests that she be granted relief from the Court's July 19, 2004

Order, as the Order has served its purpose, so she can sell her home.

### B.    Ms. Boone requests, in the alternative, relief from the Court's Order under Civil Rule 60(a).

Ms. Boone requests, alternatively, relief under Civil Rule 60(a) which provides, in relevant part, that "clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party…." The basic purpose of the rule "is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." In re: Walter, 282 F.3d 434, 440 (6th Cir. 2002). "Clerical mistakes" include those made by judges as well as ministerial employees. Id., citing, Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir. 1987). In other words, "a court properly acts under Rule 60(a) when it is necessary to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial.'" Id. at 441, quoting, Vaughter v. Eastern Airlines, Inc., 817 F.2d 685, 689 (11th Cir. 1987).

The Sixth Circuit addressed a similar situation in Pogor v. Makita U.S.A. Inc., 135 F.3d 384 (6th Cir. 1998). There, the district court entered judgment in accordance with a jury verdict for the plaintiffs for $1,352,400 "plus statutory interest." Id. at 386. The district court, however, omitted from the judgment the specific amount of prejudgment interest to which the plaintiffs were entitled. Id. In light of the fact that, by the terms of its earlier order, the district court intended to award prejudgment interest, the Court held that supplying the missing information was a "ministerial task" permissible under Rule 60(a). Id. at 388.

The basis for Ms. Boone's request that the Court apply Rule 60(a) is the possibility that the Court intended, in its Order, to prohibit Ms. Boone from transferring assets subject to execution

*before the judgment debtor examination* but did not explicitly state so in the Order. Ms. Boone has complied with this Order for almost two years now, and at this point it appears that the Plaintiff has abandoned collection efforts. Therefore, Ms. Boone requests that the Court grant her relief from its July 19, 2004 Order under Civil Rule 60(a).

### III. CONCLUSION

For the foregoing reasons, Defendant Reva J. Boone respectfully requests that she be granted relief from judgment under Civil Rules 60(b)(6) and/or 60(a).

Respectfully submitted,

/s/ Randy J. Blankenship
Randy J. Blankenship (0034594)
Jarrod M. Mohler (0072519)
Attorneys for Defendant, Reva J. Boone
ROBBINS, KELLY, PATTERSON & TUCKER
7 West Seventh Street, Suite 1400
Cincinnati, OH 45202
Telephone:   513-721-3330
Fax:             513-721-5001
E-mail:        rblankenship@rkpt.com
                    jmohler@rkpt.com

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically by the Clerk of Courts, this 30th day of May, 2006, upon the following:

John P. Archer, Esq.
Day, Ketterer, Raley, Wright & Rybolt, Ltd.
Millennium Centre - Suite 300
P.O. Box 24213
Cincinnati, OH 44701-4213

/s/ Randy J. Blankenship
Randy J. Blankenship

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| FLEMING COMPANIES, INC. | : | Case No. 1:01-cv-088 |
| | : | (Judge Hogan) |
| Plaintiff, | : | |
| vs. | : | |
| KENNETH L. BARBOUR, et al. | : | **AFFIDAVIT** |
| Defendants. | : | |

STATE OF OHIO       )
                    ) SS:
COUNTY OF _____ )

Now comes the Affiant, Reva J. Boone, being duly sworn and cautioned, and for her Affidavit, states as follows:

1. My name is Reva J. Boone.

2. I am one of the Defendants in the above captioned action.

3. The facts as set forth in this Affidavit are based upon my personal knowledge.

4. On July 19, 2004, this Court entered an Order compelling me to appear for a Judgment Debtor Examination. In this Order, the Court also ordered that I was not to "transfer, encumber, convey, or in any other manner dispose of such assets subject to execution." A copy of this Order is attached as Exhibit A.

5. I appeared for the scheduled Judgment Debtor Examination on August 18, 2004. I am requesting relief from that portion of the July 19, 2004 Order which prohibits me from transferring or conveying any of my assets.

6.  I testified at the Judgment Debtor Examination that I believe that I do not owe any money on this judgment. I testified that the debt which gave rise to this judgment was incurred by a company with which I was formerly affiliated. That company operated two stores, known as Clyde's of Ohio, Inc. and Clyde's of Kentucky, Inc.

7.  Those stores were sold to an individual by the name of Christopher Munafo. It is my understanding that, pursuant to Mr. Munafo's Contract with Fleming Companies, the debt to Fleming Companies was to be forgiven as part of the transfer.

8.  In anticipation of the Judgment Debtor Examination in the above case, this Court ordered me not to transfer or convey any property. I obeyed that Order and appeared for the Judgment Debtor Examination. Now, however, I would like to be able to sell my home. No lien exists as to my home of which I am aware. However, a reasonable interpretation of this Court's Order prevents me from selling my home.

9.  There have been no efforts to collect the judgment against me since the Court's Order of July 19, 2004. Fleming Companies filed a lien against my property on June 13, 2001 but released that lien on October 11, 2001. Fleming Companies appears to have abandoned this litigation. Although liens have been filed on occasion against other Defendants herein, those liens have always been released.

10. On August 24, 2001, Fleming Companies' attorney, Gary Sergent, filed a Notice of Judgment Lien in the Mason County, Kentucky, Circuit Court. This lien did not cover my property. Nonetheless, that lien was released on October 11, 2001.

11. Fleming Company has also obtained judgment liens against Clyde's of Ohio, Inc. and Clyde's of Kentucky, Inc. However, those liens were released on October 19, 2005.

12. There appears to have been no effort to collect this judgment. I believe that the

release of all of these liens demonstrates that there should be no further attempt to collect on this judgment against me and I should not be prohibited from selling my property.

Further Affiant sayeth naught.

_____
Reva J. Boone

Sworn to and subscribed in my presence by Reva J. Boone this 25th day of May, 2006.

_____
Notary Public

10-18-2010

S:\Time Matters\tmw6\data\files\L2870 0001\Reva Boone\Affidavit of Boone20060517.DOC