UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

FLEMING COMPANIES, INC.,
    Plaintiff

                             Case No. 1:01-cv-088

vs

KENNETH L. BARBOUR, et al.,        **SHOW CAUSE ORDER**
    Defendants                        (Beckwith, J.; Hogan, M.J.)

      This matter is before the Court on defendant Reva J. Boone's motion for relief from that portion of the Court's July 19, 2004 Order prohibiting defendant Boone from transferring, encumbering, conveying or in any other manner disposing of assets subject to execution (Doc. 20), to which plaintiff Fleming Companies, Inc. has not responded.

      Defendant Reva J. Boone was formerly a part owner of a company that operated two grocery stores, known as Clyde's of Ohio, Inc. and Clyde's of Kentucky, Inc. (Doc. 20, Boone Aff. ¶6). Plaintiff Fleming Companies, Inc., was a supplier to that company. *Id.* The grocery stores were eventually sold to an individual named Christopher Munafo. (Doc. 20, Boone Aff. ¶7).

      Plaintiff Fleming Companies, Inc. obtained a default judgment against defendants Clyde's of Ohio, Inc., Clyde's of Kentucky, Inc., Kenneth and Regina Barbour, and Reva Boone on May 14, 2001. (Doc. 6). On July 19, 2004, this Court entered an Order compelling defendant Boone to appear for a judgment debtor examination on August 18, 2004. (Doc. 14). As part of the Order, defendant Boone was "ordered not to transfer, encumber, convey or in any other manner dispose of such assets subject to execution." (Doc. 14). Defendant Boone obeyed the Court's Order and appeared for the judgment debtor examination, during which she testified that she did not believe that she owed any money on the judgment and believes that as part of the sale to Mr.

Munafo, the debt to Fleming Companies, Inc. was forgiven. (Doc. 20, Boone Aff. ¶¶6-7).

Ms. Boone avers that Fleming Companies filed a lien against her property on June 13, 2001, but released that lien on October 11, 2001. (Doc. 20, Boone Aff. ¶9). Fleming Companies also obtained liens against the other defendants, but those liens have all been released. (Doc. 20, Boone Aff. ¶¶10-12; Doc. 19). Ms. Boone avers that subsequent to the Court's July 19, 2004 Order and the judgment debtor examination, Fleming Companies has not attempted to collect the judgment against her and appears to have abandoned this litigation. (Doc. 20, Boone Aff. ¶9).

Ms. Boone states that she would like to sell her home, but believes a reasonable interpretation of the Court's Order not to "transfer, encumber, convey, or in any other manner dispose of such assets subject to execution" prevents her from selling it without violating the Court's Order. (Doc. 20, Boone Aff. ¶8). Accordingly, Ms. Boone seeks relief from this part of the Court's Order of July 19, 2004 pursuant to Rule 60, Fed. R. Civ. P.

As indicated above, plaintiff Fleming Companies, Inc. has not filed a response in opposition to plaintiff's motion. Pursuant to S.D. Ohio Civ. R. 7.2(a)(2), the failure to file a memorandum in opposition to a motion may be cause for the Court to grant the motion. Plaintiff is hereby **ORDERED** to show cause in writing within fifteen (15) days of the date of this Order stating why this Court should not grant defendant Reva Boone's motion for relief from that portion of the Court's July 19, 2004 Order prohibiting defendant Boone from transferring, encumbering, conveying or in any other manner disposing of assets subject to execution.

**IT IS SO ORDERED**.

Date: 7/6/06

Timothy S. Hogan
United States Magistrate Judge

2